HANS J. LILJEBERG, Judge.
| ¿This appeal arises out of an attempt to upset a final money judgment rendered against the defendants/appellants, Mr. & Mrs. Lugo, in favor of the plaintiff/appel-lee, Wells Fargo Bank.
In January 2010, Wells Fargo Bank initiated suit against the Lugos in the 24th Judicial District Court, Parish of Jefferson to enforce an assigned security interest in immovable property owned by the Lugos at 8401 Bridgewater Drive in Harvey, Louisiana. Wells Fargo ultimately obtained a final default judgment against the Lugos on March 12, 2010. In that judgment, Wells Fargo was awarded money damages in the amount of $185,486.35, plus interest and attorney’s fees in the amount of $2,500.00. No motion for appeal was filed. After all applicable delays for appeal expired, Wells Fargo instituted execution proceedings to enforce its March 12, 2010 final money judgment via the issuance and execution of a writ of fieri facias against the Bridgewater Drive property. The property was thereafter seized and scheduled for sale in 2011, without objection. Prior to a re-scheduled April 11, 2012 judicial sale date, Donald G. Cassels, III, initiated proceedings in the previously adjudicated case, seeking to annul Wells Fargo’s March 12, 2010 final judgment and prevent execution thereof. More particularly, Mr. Cassels, initially claiming to represent the Lugos, filed an “Action to Nullify the Default Judgment of Foreclosure and Petition Lfor Injunctive Relief and Verified Petition for a Temporary Restraining Order,” wherein Mr. Cassels prayed for (1) an order granting an action for nullity with prejudice or, in the alternative, to set a date for contradictory hearing; (2) the issuance of a temporary restraining order precluding execution of the final judgment; *421 and (3) an award of damages for loss and suffering, attorney’s fees and sanctions.[1]
On April 10, 2012, the trial court denied Mr. Cassels’ prepared ex parte judgments, issuing written reasons on April 19, 2011. The trial court’s reasons included, but were not limited to, the fact that Mr. Cas-sels did not actually represent the Lugos, but instead represented a Mr. Jackson, the Lugos’ real estate broker.[2]
On April 24, 2012, Mr. Cassels moved for the instant appeal, which was granted by the trial court on May 3, 2012.
Mr. Cassels now seeks review of the trial court’s judgments of April 10, 2012, denying relief. We, however, do not have jurisdiction to entertain these matters on appeal. We find that the rulings complained of are interlocutory judgments, which are only appealable when expressly provided by law. La. C.C.P. art. 2083. We know of no law that provides for appellate review of the judgments herein.
As such, the present appeal is hereby dismissed. Accordingly, plaintiffs motion to strike is denied as moot.

APPEAL DISMISSED & MOTION TO STRIKE DENIED

. Appellee represents in brief that no formal service of process of this filing was requested, attempted or made upon Wells Fargo. Instead, Mr. Cassels mailed a copy of the pleading to Wells Fargo's former counsel of record in the foreclosure proceeding.

. Mr. Cassels advised the trial court that he represented Mr. Jackson, who was given power of attorney by the Lugos. Mr. Cassels, however, did not have the power of attorney in his possession to provide to the court.